# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0746, <u>State of New Hampshire v. Dennis E. Lapointe</u>, the court on May 13, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Dennis E. Lapointe, appeals his convictions, following a jury trial, on four counts of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2, III (2016). He argues that the Superior Court (<u>Leonard</u>, J.) erred by denying his request to introduce testimony from the victim's grandmother that concussions the victim sustained caused her teenage misbehavior. He also argues that the Superior Court (<u>O'Neill</u>, J.) may have erred by failing to disclose records submitted for <u>in camera</u> review. We affirm the evidentiary ruling and remand for the purpose of reviewing the withheld records in accordance with the standard set forth in <u>State v. Girard</u>, 173 N.H. 619, 628-29 (2020).

In his opening statement, the prosecutor made the following remarks:

> Now as you can imagine, having had the childhood that [the victim] had had, the lack of relationship with her birth mother, sexual abuse from [the defendant], it took a toll on her. And you're going to hear, as a result, she started acting out as a teenager, and that acting out led her to get in trouble. She got in trouble with the school. She got in trouble with the authorities. As a result of that, you're going to hear that for a period of time, she was actually removed from the home and placed in a group home.

The defendant argues that the prosecutor's remarks "opened the door" to allow him to introduce testimony from the victim's grandmother that concussions the victim sustained between the ages of twelve and thirteen caused her teenage misbehavior. We review a trial court's decision regarding the admissibility of evidence under the "opening the door" doctrine pursuant to the unsustainable exercise of discretion standard. <u>See</u> <u>State v. DePaula</u>, 170 N.H. 139, 146 (2017). To prevail, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>State v. Plantamuro</u>, 171 N.H. 253, 255 (2018). If the record establishes that a reasonable person could have reached the same decision as the trial court on the basis of the evidence before it, we will uphold the trial court's decision. <u>Id</u>.

Remarks in opening statements may trigger the "opening the door" doctrine. See State v. Nightingale, 160 N.H. 569, 579 (2010). That doctrine itself subsumes two distinct doctrines, the "curative admissibility" and the "specific contradiction" doctrines. DePaula, 170 N.H. at 146. The curative admissibility doctrine applies when inadmissible, prejudicial evidence has been erroneously admitted, and the party prejudiced by the admission seeks to introduce other evidence to counter the prejudice. Id. The specific contradiction doctrine applies when a party introduces admissible evidence that creates a misleading advantage for that party, and the opposing party is then allowed to introduce previously suppressed or otherwise inadmissible evidence to counter the misleading advantage. Id. We need not decide which doctrine applies here because we conclude that the defendant has failed to show that the trial court unsustainably exercised its discretion under either doctrine.

Prior to opening statements, the trial court instructed the jury that "opening statements, in and of themselves, are not evidence," and that "you cannot base your verdict on [them]." The prosecutor's opening statement identified factors other than the defendant's sexual abuse that contributed to the victim's "acting out as a teenager," including "the childhood that [she] had," and her "lack of relationship with her birth mother." We conclude that the prosecutor's remarks created neither prejudice, as required by the curative admissibility doctrine, nor a misleading advantage, as required by the specific contradiction doctrine, because the jury is allowed to draw its own conclusions as to whether a victim's behavior is probative of prior sexual abuse. See State v. Cressey, 137 N.H. 402, 410-11 (1993).

In addition, the trial court allowed the defendant to introduce evidence that the victim sustained more than one concussion when she was twelve or thirteen, and another at the age of sixteen. The court also allowed the grandmother to testify that, after the victim reached the age when she sustained the concussions, she started to lie. We cannot conclude that the trial court unsustainably exercised its discretion by not allowing the grandmother to testify, without expert knowledge, that the concussions the victim sustained caused her teenage misbehavior. See DePaula, 170 N.H. at 146.

The defendant next argues that the trial court may have erred by failing to disclose records submitted for in camera review. The defendant asks this court to review the confidential records provided to the trial court for in camera review and to determine whether the trial court erred in failing to disclose any of them to the defense, citing, among other authorities, Girard. The defendant argues that, if we conclude that the trial court erred by failing to disclose any confidential records, we should order a new trial.

The State responds that this court should remand the case to the trial court, given that the trial court's in camera review occurred prior to our

2

decision in Girard, which clarified the standard that a trial court must apply when determining whether confidential records must be disclosed to a defendant. The State asks this court to instruct the trial court, on remand, to give the victim notice and an opportunity to be heard as to whether the records should be subject to further in camera review, and if so, whether Part I, Article 2-b of the State Constitution "augments the standard under which that review should occur." The State also asks this court to instruct the trial court to appoint counsel for the victim, "to enable the victim to adequately and fairly defend her constitutional rights." The State asserts that, if the trial court releases any documents, it should issue any necessary protective orders "consistent with Part I, Article 2-b and RSA 21-M:8-k."

Because the trial court conducted its in camera review prior to our decision in Girard, we remand this case to the trial court to review the confidential records in accordance with the standard set forth in Girard. If the trial court concludes that the records do contain evidence that should have been disclosed to the defense, the court may release that evidence to the parties with any necessary protective order, taking into account the victim's rights under Part I, Article 2-b of the New Hampshire Constitution and RSA 21-M:8-k (Supp. 2023), if any. If the court releases any evidence to the parties, the court should then provide the parties with an opportunity to make arguments as to whether a new trial is warranted. Cf. State v. Graham, 142 N.H. 357, 364 (1997) (if records contain evidence that should have been disclosed, the trial court "should order a new trial unless it finds that the error of not admitting the evidence in the first trial was harmless beyond a reasonable doubt").

Affirmed in part and remanded.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**
